IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY P. PURDY, | ) | 8:13CV14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GLENN, C/O et al., | ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on Plaintiff's Motions for Injunction (Filing Nos. 6 and 11), Motions to Compel (Filing Nos. 7, 10, 12, and 13), and "Motion to be brought to court to provide evidence" (Filing No. 8). All of these Motions appear to be requests for preliminary injunctive relief. However, Plaintiff's handwriting in these Motions is illegible and, for the most part, the court cannot ascertain the relief that Plaintiff seeks. The only requests for relief the court can decipher are requests that the court order the Douglas County Correctional Center to provide him medical treatment and release him from "Mod 20."

    The court cannot properly evaluate the factors that it must consider when determining whether to grant Plaintiff's request for injunctive relief because it cannot decipher the facts Plaintiff sets forth in support of his Motions. *See Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 112–14 (8th Cir.1981) (setting forth standard for analyzing a request for preliminary injunctive relief). Therefore, the court will deny Plaintiff's Motions without prejudice to reassertion. Any reasserted motions must be legible, comprehensible, and contain sufficient factual detail.

    IT IS THEREFORE ORDERED THAT: Plaintiff's requests for preliminary injunctive relief (Filing Nos. 6, 7, 8, 10, 11, 12, and 13) are denied without prejudice

to reassertion. Any reasserted motions must be legible, comprehensible, and contain sufficient factual detail.

DATED this 27th day of March, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

2