IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANTHONY P. PURDY, | ) | 8:13CV14 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| GLENN, RIZA, PIPER, LEWIS, | ) | |
| MCILLEN, EARLY, FOXHALL, | ) | |
| JOHN HUBBARD, DR. OLIVETTO, | ) | |
| JEFFERY DAVIS, VICTOR, | ) | |
| STEPPENS, CORBIN, CITY OF | ) | |
| OMAHA, DOUGLAS COUNTY | ) | |
| NEBRASKA, DOUGLAS COUNTY | ) | |
| CORRECTIONS, MEDICAL STAFF, | ) | |
| DENIES GAINES, CATHY COOK, | ) | |
| and NURSES, | ) | |
| | ) | |
| Defendants. | )) | |

Plaintiff Anthony Purdy ("Plaintiff") filed his Complaint in this matter on January 10, 2013. (Filing No. 1.) This court has given Plaintiff leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). In reviewing Plaintiff's Complaint, the court also considers the discernable portions of the 22 briefs and motions Plaintiff has filed in support of his Complaint. (Filing Nos. 6-8, 10-13, and 15-29.)

**I. SUMMARY OF COMPLAINT, BRIEFS, AND MOTIONS**

Plaintiff is incarcerated at the Douglas County Correctional Center ("correctional center") in Omaha, Nebraska. He filed his Complaint against 20 defendants, including correctional center staff and municipal defendants. Most of the defendants named in the caption of the Complaint are not specifically referred to in the body of the

Complaint or in the 22 briefs and motions offered in support of the Complaint. As explained in more detail below, Plaintiff has sued Defendants in their official capacities only. The vast majority of Plaintiff's allegations are either illegible or indecipherable. (*See* Memorandum and Order at Filing No. 14 denying Plaintiff's requests for preliminary injunctive relief and requiring any reasserted motions to be legible and comprehensible.) The court will summarize only those allegations it is able to discern from Plaintiff's Complaint and the 22 briefs and motions offered in support of the Complaint.

Plaintiff alleges that he was moved out of the correctional center's general population and into "Mod 20." (Filing No. 1 at CM/ECF p. 3.) As best as the court can tell, Mod 20 is a special management unit within the correctional center. Plaintiff alleges that he was placed in Mod 20 "without cause" (*id.*); that staff have turned off the "call button" in his cell, forcing him to resort to pounding on the doors to get correctional officers' attention (*id.* at CM/ECF p. 4); that staff refuse to clean his toilet (*id.*); that staff refuse to give him a chair in his cell (*id.* at CM/ECF p. 7); that his cell is "filthy" (*id.* at CM/ECF p. 8); and that staff refuse to provide him with the written rules and regulations governing Mod 20 (*id.* at CM/ECF pp. 1-3). Plaintiff does not clearly or specifically identify any of the correctional center staff responsible for these actions.

Plaintiff also alleges he has been assaulted by staff while incarcerated at the correctional center. Specifically, a correctional officer named Victor broke Plaintiff's hand and then lied about it. (*Id.* at CM/ECF pp. 7-9.) In addition, a correctional officer named Davis broke Plaintiff's "chest plate." (*Id.* at CM/ECF p. 9.) Following the alleged assault by Davis, Plaintiff "could not breath[e] for 3-4 months." (Filing No. 18 at CM/ECF p. 6.) Plaintiff does not allege when these assaults occurred.

Plaintiff alleges that he has not received proper medical treatment at the correctional center. He alleges he was denied pain medication and ice following

assaults by correctional officers. (Filing No. 1 at CM/ECF pp. 7-9.) In addition, Plaintiff alleges that he is being denied medication to treat his anxiety, bipolar disorder, schizophrenia, and seizure disorder. (*Id.* at CM/ECF p. 10; Filing No. 6 at CM/ECF p. 6.) Plaintiff also alleges that he often needs immediate assistance because of his seizure disorder, but he cannot receive it because corrections staff have turned off the "call button" in his cell. (Filing No. 1 at CM/ECF p. 10; Filing No. 17 at CM/ECF p. 8.)

Plaintiff raises numerous other allegations in his pleadings that are unsupported by any factual detail. For example, Plaintiff generally alleges he is not receiving incoming and outgoing mail (Filing No. 8 at CM/ECF p. 1), he is not allowed to make telephone calls (Filing No. 10 at CM/ECF p. 2), unnamed officers "shake him down" in retaliation for filing grievances against them (Filing No. 28 at CM/ECF p. 1), and staff is not providing him with a Muslim diet (Filing No. 21 at CM/ECF p. 2).

Plaintiff requests only injunctive relief throughout his many filings. He seeks an order directing staff to provide him with a chair in his cell and appropriate medical treatment. (Filing No. 1 at CM/ECF p. 10.) He also seeks an order requiring the warden to immediately release him from Mod 20 and place him back into the general population. (*Id.* at CM/ECF p. 11; Filing No. 12 at CM/ECF p. 1; Filing No. 17 at CM/ECF p. 1.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

### III. DISCUSSION OF CLAIMS

**A.     Official Capacity and Municipality Claims**

Plaintiff has sued numerous Douglas County, Nebraska, employees for actions they took against him during his incarceration at the Douglas County Correctional Center. Plaintiff failed to allege whether he is suing these employees in their official or individual capacities. When a plaintiff fails to "expressly and unambiguously" state that a public official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As set forth by the Eighth Circuit:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. . . . Absent such an express statement, the suit is construed as being against the defendants in their official capacity.

*Id.* These rules have been consistently applied to municipal defendants. *See, e.g.,* Baker v. Chisom, 501 F.3d 920, 924 (8th Cir. 2007) (affirming dismissal of claims based on assumption of official capacity only where the plaintiff failed to clearly state the capacity in which he intended to sue several county defendants); *Johnson,* 172 F.3d at 535 (assuming official capacity only claims and affirming grant of summary judgment in favor of county sheriffs). Moreover, "[a] suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson,* 172 F.3d at 535. Therefore, Plaintiff's claims against Douglas County, Nebraska, employees in their official capacities are claims against Douglas County, Nebraska. Indeed, the court construes all of Plaintiff's claims to be against Douglas County, Nebraska.

A county may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County,* 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.,* 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County,* 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati,* 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

5

> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Plaintiff does not allege that there is a continuing, widespread, persistent pattern of unconstitutional misconduct by Douglas County or its employees, or that Douglas County's policymaking officials were deliberately indifferent to or tacitly authorized any unconstitutional conduct on the part of Defendants. In addition, Plaintiff does not allege that an unconstitutional custom was the moving force behind his injuries. Accordingly, Plaintiff has failed to allege sufficient facts to "nudge" his claims against Douglas County across the line from conceivable to plausible under the *Jane Doe* standard.

On the court's own motion, the court will provide Plaintiff with an opportunity to file an amended complaint that sufficiently alleges a claim against Douglas County in accordance with the *Jane Doe* standard. However, any amended complaint must comply with the general rules of pleading discussed below.

**B.    General Rules of Pleading**

Plaintiff's Complaint and the 22 briefs and motions Plaintiff has filed in support of his Complaint are virtually incomprehensible and they fail to comply with the general rules of pleading. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P.

8(a)(2), d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pro se plaintiff's allegations should be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002). However, pro se litigants must comply with the Federal Rules of Civil Procedure. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").

The court has carefully reviewed Plaintiff's Complaint and the 22 briefs and motions filed in support of his Complaint. Together, these documents number more than 160 handwritten pages that are almost entirely illegible. It is apparent from these filings that Plaintiff is capable of writing legibly. (*Compare* Filing No. 18 at CM/ECF p. 5 (legible) and Filing No. 20 (illegible).) In addition, Plaintiff's allegations are unorganized, rambling, and virtually indecipherable. Apparently, Plaintiff expects the court and Defendants to sort through his filings in order to determine what allegations, if any, relate to each Defendant. The court will not undertake such a task. Moreover, the allegations the court can make out may not proceed as pled because, as discussed above, the court construes all of Plaintiff's claims to be against Douglas County, and Douglas County may only be liable under section 1983 if its "policy" or "custom" caused a violation of Plaintiff's constitutional rights. Again, as discussed above, Plaintiff has not alleged that a "policy" or "custom" caused a violation of his constitutional rights.

On the court's own motion, Plaintiff will have until August 1, 2013, to amend his Complaint in accordance with Rule 8 of the Federal Rules of Civil Procedure. Any amended complaint must clearly (1) set forth a short and plain statement of the claims against each Defendant; (2) state claims in numbered paragraphs limited to a single set of circumstances; (3) set forth each legal theory and how it relates to each Defendant. The court will dismiss this matter without further notice if Plaintiff fails to file an

amended complaint or files an amended complaint that does not comply with Rule 8 pleading requirements. Finally, Plaintiff's claims must be set forth in one document (i.e., the amended complaint), and not in numerous briefs and motions. ***The court cautions Plaintiff against filing briefs and motions that are duplicative, frivolous, or nonsensical. Filing duplicative, frivolous, or nonsensical motions and briefs could result in further action by this court, including sanctions.***

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until August 1, 2013, to file an amended complaint that clearly states a claim upon which relief may be granted, in accordance with this Memorandum and Order. Any amended complaint must clearly (1) set forth a short and plain statement of the claims against each Defendant; (2) state claims in numbered paragraphs limited to a single set of circumstances; (3) set forth each legal theory and how it relates to each Defendant. The court will dismiss this matter without further notice if Plaintiff fails to file an amended complaint or files an amended complaint that does not comply with Rule 8 pleading requirements.

2. Plaintiff's claims must be set forth in one document (i.e., the amended complaint), and not in numerous briefs and motions. The court cautions Plaintiff against filing motions that are duplicative, frivolous, or nonsensical. Filing duplicative, frivolous, or nonsensical motions could result in further action by this court, including sanctions.

3. The clerk's office is directed to set a pro se case management deadline in this matter: August 1, 2013: Check for amended complaint.

4. Plaintiff's claims for relief set forth in Filing Numbers 17-29 are denied without prejudice to reassertion in an amended complaint.

DATED this 18th day of June, 2013.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.